IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MATTHEW H. AND LORI H.<br>as parents and legal guardians of<br>the Minor Plaintiff, A.H.,<br><br>        Plaintiff,<br><br>    v.<br><br>MEDICAL RESCUE TEAM<br>SOUTH AUTHORITY,<br>JOHN DOE AND JANE DOE, and<br>ST. CLAIR MEMORIAL HOSPITAL,<br><br>        Defendants. | CIVIL ACTION NO. 2:23-cv-2176 |

**<u>DEFENDANT, MEDICAL RESCUE TEAM SOUTH AUTHORITY'S</u>**
**<u>BRIEF IN SUPPORT OF 12(b)(6) MOTION TO DISMISS PLAINTIFFS' COMPLAINT</u>**

AND NOW, comes Defendant, Medical Rescue Team South Authority by and through its attorneys, Mark R. Hamilton, Esquire and Colton T. Blair, Esquire and Summers, McDonnell, Hudock, Guthrie & Rauch, P.C. and submits Defendant's Brief in Support of 12(b)(6) Motion to Dismiss Plaintiffs' Complaint, and in support thereof, avers as follows:

**<u>INTRODUCTION</u>**

Plaintiffs' Complaint should be dismissed as the allegations raised do not support a claim based upon discrimination. Plaintiffs[1] have accused Defendant[2] of purposefully refusing to transport Minor-Plaintiff[3] to Western Psychiatric Institute on the basis of his disability. The facts alleged in their complaint, at best, resemble a state law claim for negligence. Accordingly,

---

[1] "Plaintiffs" refers to all of the Plaintiffs in this action.
[2] "Defendant" as used in this Brief refers solely to MRTSA.
[3] "Minor-Plaintiff" as used in this Brief refers to Minor Plaintiff, A.H.

Defendant is asking this Honorable Court to dismiss this action so that it may be brought in the proper state court.

## BACKGROUND FACTS

Minor-Plaintiff has a history of autism, attention-deficit hyperactivity disorder ("ADHD"), post-traumatic stress disorder ("PTSD") and reactive attachment disorder ("RAD"). On January 5, 2023, Minor-Plaintiff experienced a "mental health crisis" while at home with his mother, Plaintiff-Lori H. and two therapists. First responders, employed by Defendant, were dispatched to Plaintiffs' home in Mt. Lebanon, Pa. Upon arrival, John Doe and Jane Doe, informed Plaintiff-Lori H. that the Minor-Plaintiff would be taken to St. Clair Hospital, as it was their belief that Western Psychiatric Institute did not possess a pediatric psychiatric treatment facility. First responders carefully transported the Minor-Plaintiff to the Emergency Department at St. Clair Hospital, as it was their understanding that this was not only the closest facility to the Plaintiffs' home, but the best suited to fit the needs of the Minor-Plaintiff.

The Minor-Plaintiff was kept at St. Clair Hospital for a period of eight (8) days for evaluation and treatment. During this time, the Plaintiffs allege that he was not given the proper care due to St. Clair Hospital not possessing a pediatric psychiatric center. As a result, the Plaintiffs allege that they suffered mental distress, financial hardship and by initiating this lawsuit, seek to avoid future controversy regarding the emergency transport of Minor-Plaintiff to the appropriate medical facility.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in whole or in part, if the plaintiff fails to state a claim upon which relief can be granted. The moving party bears the burden of showing that no claim has been stated, *Hedges v. United States*, 404 F.3d

744, 750 (3d Cir. 2005) and dismissal is appropriate only if, accepting all of the facts alleged in the complaint as true, the plaintiff failed to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *See also Umland v. PLANCO Fin. Ser. Inc.*, 542 F.3d 59, 64 (3d Cir. 2008).

In evaluating a Rule 12(b)(6) Motion to Dismiss for failure to state a claim, a court may consider only the complaint, exhibits attached to the complaint, matters of public record and undisputedly authentic documents if the plaintiff's claims are based upon those documents. *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993); *see also Tellabs, Inc. v. Makar Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). In civil rights cases, a plaintiff must set forth his/her allegations with greater specificity than notice pleading otherwise requires. *Frazier v. Southeastern Pennsylvania Transp. Auth.*, 785 F.2d 65, 66 (3d Cir. 1986).

## ARGUMENT

### I. Count I and Count II of Plaintiffs' Complaint Require Evidence of Purposeful Discrimination, Facts That are Not Pled

The First Count of Plaintiffs' Complaint alleges that Defendant discriminated against the Minor-Plaintiff on the basis of his disability, for not transporting him to Western Psychiatric Institute in violation of 29 U.S.C.S. § 794. Specifically, they state, "Pursuant to the Rehabilitation Act, 29 U.S.C.S. § 794, et seq. the Plaintiff had the right to not be excluded from the participation in , be denied the benefits and/or services of, or be subjected to discrimination solely on the basis of his disability by any place receiving federal financial assistance." Plaintiffs' Complaint ¶ 77.

The text of 29 U.S.C.S. § 794 states "No otherwise qualified handicapped individual…shall solely by reason of his handicap, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving federal financial assistance." 29 U.S.C.S. § 794. The act emphasizes that any allegations must be based "**solely by**

**reason of his handicap**" for an action to proceed. To establish a violation of § 794, Plaintiffs would have to prove that: (1) they are handicapped within the meaning of the Act; (2) they are otherwise qualified for the services sought; (3) they were excluded from receiving these services by **reason of their handicap** [emphasis added]; and (4) the service program receives federal financial support. *Stathie v. Department of Transportation*, 716 F.2d 227, 230 (3d Cir. 1983).

The Second Count of Plaintiffs' Complaint alleges that Defendant violated the Americans With Disabilities Act, 42 U.SC.S. § 12131 by reason of refusing to transport the Minor-Plaintiff to the alleged proper treatment facility. Plaintiffs' Complaint ¶¶ 85-94. Plaintiffs' allege "In that failure to transport the Plaintiff to a facility that could provide psychiatric care, Defendant MRTSA, through the actions of Defendants John Doe and Jane Doe, denied the Plaintiff services otherwise provided to non-disabled individuals, based on his mental health diagnoses." Plaintiffs' Complaint ¶ 89.

The ADA is designed to provide a clear and comprehensive national mandate for the elimination of <u>**discrimination**</u> against individuals with disabilities. 42 U.S.C. § 12101(b)(1), (b)(4). It forbids discrimination against persons with disabilities in three major areas of public life: employment, covered by Title 1 of the statute; public services, programs or activities, which are the subject of Title 2; and public accommodations which are covered by Title 3. *Tennessee v. Lane*, 541 U.S. 509, 517 (2004). Plaintiff's Complaint alleges a violation under Title II of the Act. Plaintiffs' Complaint ¶ 85.

Title II's enforcement provision incorporates by reference § 505 of the Rehabilitation Act of 1973, 92 Stat 2982, as added, 29 U.S.C. §794a which authorizes private citizens to bring suits for monetary damages. 42 U.S.C. § 12133. Thereby, the elements to succeed under a Title II claim within the Americans With Disabilities Act and the Rehabilitation Act are the same. *Furgess v.*

*Pa. Dep't of Corr.*, 933 F.3d 285, 89 (3d Cir. Court Appeals 2019). Meaning the elements set forth in the *Strathie* Case must be met for both causes of action to succeed.

The allegations laid forth in Plaintiffs' Complaint, at best, satisfy elements 1, 2 and 4. First, the Minor-Plaintiff has an extensive history of mental health, likely making his disability a protected class under the Acts. Second, due to the Minor-Plaintiff's mental disability, he is qualified to receive proper psychiatric care and fourth, Western Psychiatric, according to the Plaintiffs' receives federal funding. The Complaint, as written, does allege any facts that state any action on the part of the Defendant was based on the Minor-Plaintiff's handicap.

§ 794 is not written to require an affirmative action on behalf of handicapped persons; it only prohibits discrimination against them. *Daniel B. v. O'Bannon*, 633 F. Supp. 919, 923 (Pa. E.D. 1986). Plaintiffs state that John Doe did not believe Western Psychiatric had a pediatric psychiatric unit, making St. Clair Hospital the best alternative. Plaintiffs' Complaint ¶ 18. Plaintiffs' Complaint represents an alleged mistaken judgment, perhaps a fact that should have been known to certain individuals or entities; there are no facts, however, that state a policy or procedure was undertaken by Defendant in not providing certain services to the Minor-Plaintiff on the basis of his disability.

Without providing any facts that allege the Defendant refused to provide services on the basis of the Minor-Plaintiff's disability, this is essentially a negligence claim under the guise of an ADA and Rehabilitation Act violation.

**II.     Plaintiffs' Complaint Does Not Allege Facts that Support Defendant Had a Policy of Purposeful Discrimination Required for an Equal Protection Claim**

Count III of Plaintiffs' Complaint alleges that the Defendant violated Minor-Plaintiff's Equal Protection Rights as laid forth in 42 U.S.C. § 1983 and the Fourteenth Amendment by refusing to transport him to Western Psychiatric Institute. Plaintiffs' Complaint ¶¶ 96-103.

Plaintiffs vaguely allege that Defendant properly transports other patients but refused to offer the same care to the Minor-Plaintiff because of his disability. Plaintiffs' Complaint ¶ 98.

Under the Equal Protection Clause of the Fourteenth Amendment, a state may not "deny to any person within its jurisdiction the equal protection of the laws.." U.S. Const. amend. XIV § 1. A plaintiff stating a claim under the Equal Protection Clause must allege that he/she has been treated differently because of his her/membership in a suspect class or his/her exercise of a fundamental right or that he/she has been treated differently from similarly-situated others and that his differential treatment was not rationally related to a legitimate state interest. *Young v. Sewickley Twp.*, 160 F. App'x 263, 66 (3d Cir. 2005).

To bring a successful claim under 42 U.S.C. § 1983, for a denial of Equal Protection, plaintiffs must prove the existence of purposeful discrimination. *Chambers v. Sch. Dist. of Phila. Bd. Of Educ.*, 587 F.3d 176, 196 (3d Cir. Court Appeals 2009). Showing purposeful discrimination requires more than proof of a disparate impact – it requires a plaintiff to prove additional "indicia of purposeful discrimination." *Pennsylvania v. Flaherty*, 983 F.2d 1267, 1273 (3d Cir. 1993). These indicia of purposeful discrimination must imply that Defendant did not take the Minor-Plaintiff "because of" not merely "in spite of" of his disability. *McCleskey v. Kemp*, 481 U.S. 279, 298 (1987).

Plaintiffs' Complaint explicitly states that Defendant and its representatives acted on a belief that St. Clair Hospital would be an appropriate facility to treat the Minor-Plaintiff. Plaintiffs' Complaint ¶ 18. There are no facts that support a finding that purposeful discrimination was the motivation for transporting the Minor-Plaintiff to St. Clair Hospital. As stated previously, Plaintiffs' allegations are simply concerning a lack of judgment, a question appropriate for a negligence claim in state court.

## **CONCLUSION**

The facts, as established by Plaintiffs, allege a claim that should sound in negligence, rather than an attempt to insinuate that any action on the part of the Defendant was born out discrimination. Plaintiffs' claim that Defendant and its representatives delivered the Minor-Plaintiff to the facility in which they believed would best be suited to treat him. This belief was built upon the idea that Western Psychiatric did not possess a pediatric psychiatric facility. A belief that was clearly relayed to the Plaintiffs.

To sustain a claim under The Rehabilitation Act and the ADA, the Plaintiffs would have to show that the Minor-Plaintiff was not provided certain services **because of his handicap**. Facts would need to be set forth alleging exactly how the Minor-Plaintiff's disability was the reason for Defendant's actions. Instead, Plaintiffs allege that the Defendant made a mistake, a far-cry from restricting an individual's right on the basis of a protected class.

Similarly, a claim for Equal Protection requires evidence of purposeful discrimination. As explained above, the Plaintiffs merely set forth vague allegations that a wrong was made against the Minor-Plaintiff and it was done so because of his disability. An allegation that was made without any supporting facts. Facts that strongly indicate a case for negligence was poorly molded into an Equal Protection Claim, absent any information supporting such a conclusion.

Accordingly, this Defendant asks this Honorable Court to dismiss Plaintiffs' Claims against it so that the action can properly commence in a state court under a negligence claim.

Respectfully submitted,

SUMMERS, MCDONNELL, HUDOCK,
GUTHRIE & RAUCH, P.C.

By: /s/ *Mark R. Hamilton*

Mark R. Hamilton, Esquire
PA ID No.: 29919
811 Camp Horne Road, Suite 220
Pittsburgh, PA 15237
412-261-3232

By: /s/ *Colton T. Blair*

Colton Blair, Esquire
PA ID No. 333088
811 Camp Horne Road, Suite 220
Pittsburgh, PA 15237
412-261-3232

## CERTIFICATE OF SERVICE

I hereby certify that on this 25th day of March, 2024, a true and correct copy of the foregoing **DEFENDANT, MEDICAL RESCUE TEAM SOUTH AUTHORITY'S 12(b)(6) BRIEF IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' COMPLAINT** was filed with the Court via CM/ECF system, which will automatically send notice to all counsel of record.

SUMMERS, MCDONNELL, HUDOCK,
GUTHRIE & RAUCH, P.C.

By:   */s/ Mark R. Hamilton*
Mark R. Hamilton, Esquire
*Counsel for Defendant, MRTSA*