IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

PITTSBURGH

| | |
|---|---|
| A. H., MINOR PLAINTIFF; MATTHEW H., AS PARENTS AND LEGAL GUARDIANS OF THE MINOR PLAINTIFF; AND LORI H., AS PARENTS AND LEGAL GUARDIANS OF THE MINOR PLAINTIFF;<br><br>        Plaintiffs,<br><br>vs.<br><br>MEDICAL RESCUE TEAM SOUTH AUTHORITY, JOHN DOE, JANE DOE, ST. CLAIR MEMORIAL HOSPITAL,<br><br>        Defendants, | 2:23-CV-02176-MJH |

## OPINION AND ORDER

This case was referred to the United States Magistrate Judge Christopher B. Brown for pretrial proceedings in accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(A) and (B), and Rule 72 of the Local Rules for Magistrate Judges. Plaintiff A.H., a minor, initiated this civil action through his parents and legal guardians Matthew H. and Lori H., wherein he alleges that Defendants Medical Rescue Team South Authority ("MRTSA"), John Doe and Jane Doe ("Doe Defendants," collectively and with MRTSA, "MRTSA"), and St. Clair Memorial Hospital ("St. Clair") violated his civil rights and discriminated against him because of his disability. Both MRTSA and St. Clair filed Motions to Dismiss. (ECF Nos. 14 & 16). On November 1, 2024, the Magistrate Judge issued a Report and Recommendation, (ECF No. 26), recommending denial of both motions in full. The parties were informed that written objections to the Report and Recommendation were due by November 15, 2024. No objections were filed. For the reasons

1

that follow, and after *de novo* review, the Court will accept in part and reject in part the Report and Recommendation.[1]

I.   Background

Plaintiff A.H. is a minor child, diagnosed with autism, attention-deficit hyperactivity disorder, post-traumatic stress disorder, and reactive attachment disorder (collectively referred to as "mental health disabilities"). (ECF No. 1, at ¶ 11). He receives mental health treatment, because his diagnoses substantially limit one or more major life activities, including "brain function." (*Id.* ¶ 11-12).

On January 5, 2023, Plaintiff experienced a "mental health crisis," where he became aggressive and attempted to harm his mother and two therapists during a therapy session. (*Id.* ¶¶ 13-14). One of Plaintiff's therapists called for police assistance and an ambulance. (*Id.* at ¶ 15). MRSTA, an ambulance company, responded to the call. (*Id.* at ¶ 16). Doe Defendants, who are Emergency Medical Technicians, arrived on the scene and transported A.H. to a hospital for a medical evaluation. (*Id.* ¶ 16). Plaintiff claims that either Lori H. or one of A.H.'s therapists told the Doe Defendants to transport A.H. to Western Psychiatric Institute and Clinic ("Western Psych"). (*Id.* ¶ 17). Doe Defendants did not transport A.H. to that facility. The Doe Defendants said that Western Psych does not accept pediatric patients, so they took A.H. to St. Clair's Emergency Department instead. (*Id.* ¶¶ 18-21). Plaintiff alleges that Doe Defendants' statement about Western Psych, that they do not have a pediatric unit, was "materially false." (*Id.* ¶ 18.). Plaintiff alleges that one of St. Clair's staff members told his parents that MRTSA often fails to

---

[1] Rule 72 of the Federal Rules of Civil Procedure provides in pertinent part: "The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed.R.Civ.P. 72(b)(3).

2

take pediatric patients to Western Psych. (*Id.* ¶ 26). St. Clair agrees that it is not equipped to treat pediatric psychiatric patients. (ECF No. 17, at 2).

Plaintiff alleges that St. Clair admitted A.H. as a patient and refused to transport him to a facility that was properly equipped to handle pediatric psychiatric patients. (ECF No. 1, at ¶¶ 31-32). Plaintiff further alleges that St. Clair advised against A.H's parents transporting him to another facility capable of treating pediatric psychiatric patients, and if they did, A.H. would be removed from the waiting list at such facilities. (*Id.* ¶ 33).

Plaintiff alleges that A.H. spent eight days in St. Clair's emergency department without receiving mental health care – he did not see a pediatric psychologist, nor did he receive adequate accommodations for his mental health disabilities. (*Id.* ¶¶ 34, 59). Plaintiff further alleges that St. Clair exacerbated A.H.'s mental health crisis in many ways, by failing to provide him required mental stimulation, failing to maintain a strict meal and medication schedule, failing to provide appropriate eating utensils, and by giving him an object after his parents had warned St. Clair that A.H. would become fixated with it, and such would prompt his aggression. (*Id.* ¶¶ 38-39, 40-43; 51-55, 63-65). Plaintiff alleges that St. Clair did not provide A.H. with a "sitter," a medical professional to observe and provide companionship to patients who are at risk of violent behaviors. (*Id.* at ¶¶ 45-49). St. Clair required A.H.'s parents to always stay with him, which led to violent outbursts and necessitated restraint by his father. (*Id.*). Plaintiff claims this caused all involved "extreme emotional distress." (*Id.*).

Plaintiff was released from St. Clair on January 12, 2023, when the hospital transported him to a facility with pediatric psychiatric care. (*Id.* ¶ 72). Plaintiff alleges that this occurred only after Plaintiff's attorney got involved. (*Id.* ¶ 71). Plaintiff claims MRTSA and St. Clair violated his rights under the Rehabilitation Act, 29 U.S.C. § 794, et seq., and the Americans with

3

Disabilities Act, 42 U.S.C. § 12131, et seq. ("ADA") (Counts I-II, IV-V). Plaintiff also claims MRTSA violated his rights under the Fourteenth Amendment's Equal Protection Clause (Count III). Plaintiff also seeks injunctive relief, because Plaintiff believes there is a "substantial likelihood" that he will need future emergency services from MRTSA and St. Clair. (*Id.* at ¶ 73).

## II. Discussion

### A. Rehabilitation Act and the ADA

Plaintiff alleges that MRTSA and Saint Clair violated the Rehabilitation Act and the ADA. Courts often analyze these claims together, as the "substantive standards for determining liability are the same" under both statutes. *See Furgess v. Pennsylvania Dep't of Corr.,* 933 F.3d 285, 288–89 (3d Cir. 2019).

To state a claim under Section 504 of the Rehabilitation Act, plaintiffs must allege: (1) that they are disabled within the meaning of the Act; (2) that they are otherwise qualified for the services sought; (3) that they were excluded from the services sought solely by reason of their handicap; and (4) that the program or activity in question receives federal financial assistance. *Strathie v. Dep't of Transp.*, 716 F.2d 227, 230 (3d Cir. 1983); *Furgess*, 933 F.3d at 288-89.

To state a claim under Title II of the ADA, a plaintiff must show that: (1) they are a qualified individual; (2) with a disability; and (3) they were excluded from participation in or denied the benefits of the services, programs, or activities of a public entity, or were subjected to discrimination by any such entity; (4) by reason of their disability. *Durham v. Kelley*, 82 F. 4th 217, 225 (3d Cir. 2023). The ADA does not require that the defendant receive federal financial assistance. *Yeskey v. Com. of Pa. Dep't of Corr.*, 118 F.3d 168, 170 (3d Cir. 1997), *aff'd sub nom. Pennsylvania Dep't of Corr. v. Yeskey*, 524 U.S. 206 (1998).

4

The Rehabilitation Act and the ADA have different causation standards. The Rehabilitation Act requires that the plaintiff plead that the discrimination occurred "solely by reason of [the plaintiff's] disability," while the ADA requires that the discrimination be "by reason of such disability." 29 U.S.C. § 794(a); 42 U.S.C. § 12132. In other words, the Rehabilitation Act "allows a plaintiff to recover if he or she were deprived of an opportunity to participate in a program solely on the basis of disability, while the ADA covers discrimination on the basis of disability, even if there is another cause as well." *C.G. v. Pennsylvania Dep't of Educ.*, 734 F.3d 229, 235–36 (3d Cir. 2013).

As indicated by the Magistrate Judge, neither Defendant contests that Plaintiff is a qualified individual with a disability, nor that each Defendant receive federal funds. Thus, the pertinent question is whether A.H. sufficiently alleged he was discriminated against "solely by reason of [his] handicap" under the Rehabilitation Act, or "by reason of [his] disability" under the ADA.

i. **Rehabilitation Act and ADA Claims Against MRTSA**

Plaintiff alleges that MRTSA discriminated against him under the Rehabilitation Act and the ADA when the Doe Defendants took him to a hospital that was not equipped to treat pediatric mental health issues. (ECF No. I, at Counts I-II). MRTSA argues that Plaintiff's claims should be dismissed, because the "Complaint, as written does [not] allege any facts that state any action on the part of Defendant [MRTSA] was based on Minor-Plaintiff's handicap." (ECF No. 15 at 5). MRTSA further argues that this claim is "a negligence claim under the guise" of a disability claim. (*Id.*) Plaintiff responds, arguing that MRTSA transported him to a hospital which did not offer him appropriate care. (ECF No. 24, at 8-9).

Plaintiff alleges that MRTSA transported A.H. to Saint Clair Hospital, instead of Western Psych, as requested by A.H's mother, and that St. Clair Hospital was not equipped to deal with A.H.'s mental health crisis. Plaintiff further alleges that, Doe Defendants stated that Western Psych did not have a pediatric unit and that St. Clair Hospital did. Plaintiff alleges that staff at St. Clair Hospital stated that MRTSA frequently transports pediatric psychiatric patients to their hospital. Plaintiff argues that, because MRTSA had transported pediatric psychiatric patients to the wrong hospital more than once, it is possible that MRTSA transported him to St. Clair solely by reason of A.H.'s disability. Plaintiff further alleges that MRTSA maintains a policy, pattern, or practice of transporting mental health patients to St. Clair, where there are no such services available. (ECF No. 1, at ¶ 27).

The Magistrate Judge concluded that Plaintiff alleged sufficient facts, at this stage, to raise an inference of discrimination under the Rehabilitation Act and the ADA. (ECF No. 26, at 8). Although the Plaintiff's allegations of fact to support any alleged discriminatory policy are sparce and conclusory, at this stage of the proceedings, the Court concurs with the Magistrate Judge's Report and Recommendation to deny MRTSA's Motion to Dismiss the ADA and Rehabilitation Act claims against it at this early stage. Such claims will proceed.

### ii.     Rehabilitation Act and ADA Claims against St. Clair

St. Clair argues that Plaintiff fails to establish any Rehabilitation Act or ADA claims against it, because Plaintiff fails to allege facts to establish that St. Clair failed to provide A.H. treatment on the basis of his mental disabilities. (ECF No. 17, at 5). St. Clair further argues that Plaintiff's claims are criticisms of the medical care that he received but are not disability claims. (*Id.* at 7). Plaintiff argues that St. Clair did not offer certain accommodations and services for A.H.'s mental health disabilities. (ECF No. 23, at 14).

Plaintiff alleges that "due to Defendant St. Clair's inability to handle children with psychiatric issues, the Plaintiff went several days without receiving services and mental health care." (ECF No. 1, at ¶ 31). Plaintiff further alleges that "Defendant St. Clair would not transport the Plaintiff to a facility where he could receive the proper care and accommodations for his mental health disabilities. Matthew H. and Lori H. were told that they would have to transport the Plaintiff on their own to another facility to receive proper care." (*Id.* ¶ 32). Plaintiff also alleges that his parents requested certain accommodations due to his mental health disabilities, such as mental stimulation, appropriate silverware, and a sitter. (*Id.* ¶¶ 38-42, 45-49).

The Magistrate Judge concluded that Plaintiff pled sufficient facts, at this stage, to infer that St. Clair discriminated against him solely because of his mental health disorders and by reason of his disabilities. (ECF No. 26, at 10). The Court disagrees. Plaintiff's conclusory allegations of discrimination and failure to accommodate are devoid of facts to establish the causation necessary to support that St. Clair failed to act solely because of his mental health disorders and by reason of his disabilities. Plaintiff pleads that St. Clair was not equipped to treat pediatric psychiatric patients and that St. Clair could thus not provide such mental health care. Plaintiff's allegations that St. Clair was unable to treat pediatric mental health cases undermines Plaintiff's argument that he satisfies the causation element under the Rehabilitation Act and the ADA. While Plaintiff pleads that he was mistreated by St. Clair in many ways, the adequacy of St. Clair's medical care does not infer that he was treated in such a way solely on the basis of or because of his mental disabilities. *See Harris v. Oregon Health Sciences Univ.*, 1999 WL 778584, *5-6 (D. Or. 1999) (granting summary judgment because the disability statutes do not create any absolute substantive right to treatment or require a health care provider to provide care beyond one's ability or expertise); *Greist v. Norristown State Hosp.*, 1997 WL 661097 (E.D. Pa.

7

1997) (dismissing plaintiff's disability claims because the hospital was not required to provide certain services if it never offered them in the first place). Plaintiff fails to plead any facts connecting his mental disabilities to his alleged treatment by St. Clair. As such, the Court will reject the Magistrate Judge's Report and Recommendation as to the Rehabilitation Act and ADA claims against St. Clair, at Counts IV and V. St. Clair's Motion to Dismiss will be granted as to these claims. As the Court cannot say that amendment would be futile, Plaintiff will be granted leave to amend these claims.

### B. Equal Protection Clause Claim Against MRTSA

MRTSA argues that Plaintiff fails to establish a Fourteenth Amendment Equal Protection Clause claim against it, because "[t]here are no facts that support a finding that purposeful discrimination was the motivation for transporting [A.H.] to St. Clair." (ECF No. 15, at 6). Plaintiff alleges that MRTSA violated the Equal Protection Clause by treating him differently than similarly situated individuals that MRTSA transported to the correct hospital, with no rational basis for the difference in treatment. (ECF No. 1 at Count III).

A plaintiff does not have to be in a suspect class to make out an equal protection claim; they can allege that they are in a "class of one" and that they were treated differently than others in similar situations. *PG Pub. Co. v. Aichele*, 705 F.3d 91, 114 (3d Cir. 2013). To survive a motion to dismiss a class-of-one claim, a plaintiff must allege (1) that the defendant treated them differently than others similarly situated; (2) that the defendant did so intentionally; and (3) that there was no rational basis for the difference in treatment. *Hill v. Borough of Kutztown*, 455 F.3d 225, 239 (3d Cir. 2006) (citing *Vill. of Willowbrook v. Olech*, 528 U.S. 562 (2000)).

8

To establish the first factor for a "class of one" equal protection clause claim, a plaintiff's complaint must, identify others who were "similarly situated," yet "treated differently." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 244 (3d Cir. 2008); *Steinberg v. Johnson*, 2023 WL 2524452, at *3 (3d Cir. 2023) (unpublished) (granting MTD because plaintiff did not "identify[] any similarly situated individuals as comparators"). Someone is "similarly situated" when they are alike "in all relevant aspects," *Startzell v. City of Philadelphia, Pennsylvania*, 533 F.3d 183, 203 (3d Cir. 2008) (citing *Nordlinger v. Hahn*, 505 U.S. 1, 10 (1992)), but they need not be "identically situated." *Harvard v. Cesnalis*, 973 F.3d 190, 205- 06 (3d Cir. 2020) ("[W]e must re-frame the question not as whether the two individuals' actions were identical, but whether a juror, looking objectively at the incidents, would think them roughly equivalent and the protagonists similarly situated") (internal citations omitted).

To establish the second factor, the plaintiff must plead "a plausible allegation of intentional discrimination." *Greco v. Senchak*, 627 F. App'x 146, 149 (3d Cir. 2015). This requires more than allegations of "unequal treatment or adverse effect." *Jewish Home of E. Pa. v. Ctrs. for Medicare & Medicaid Servs.*, 693 F.3d 359, 363 (3d Cir. 2012). Showing purposeful discrimination requires a plaintiff to prove additional "indicia of purposeful discrimination." *Pennsylvania v. Flaherty*, 983 F.2d 1267, 1273 (3d Cir. 1993).

To establish the third factor, a plaintiff must allege that the defendant acted "irrational[ly] and wholly aribtrar[ily]," *Joey's Auto Repair & Body Shop v. Fayette Cnty.*, 785 F. App'x 46, 49 (3d Cir. 2019), otherwise, "any rational ground for the conduct in question will suffice to defeat the class-of-one claim." *Aulisio v. Chiampi*, 765 F. App'x 760, 765 (3d Cir. 2019).

The Magistrate Judge concludes in his Report and Recommendation that, at this stage, Plaintiff has pled sufficient facts to establish a "class of one" equal protection clause claim. (ECF

9

No. 26, at 15-17). As to the first factor, the Magistrate Judge concludes that, because Plaintiff alleges that MRTSA transported other patients to appropriate hospitals, and given the private nature of medical records, Plaintiff's scarce allegations are sufficient. (*Id.*). As to the second factor, the Magistrate Judge concludes that Plaintiff sufficiently alleged that MRTSA intentionally discriminated against him by transporting him to St. Clair Hospital, which could not treat his mental health needs. (*Id.*). As to the third factor, the Magistrate Judge concludes that, because Plaintiff alleges that Doe Defendants told A.H.'s mother that Western Psych does not treat juvenile patients, and that Doe Defendants transported A.H. to St. Clair, against A.H.'s mother's request, Plaintiff pled sufficient facts to establish factor three. (*Id.* at 17).

The Court disagrees with the conclusions of the Magistrate Judge as to all factors of Plaintiff's equal protection clause claim. The facts alleged by Plaintiff are entirely too conclusory to establish any of the factors required. Plaintiff pleads bare, conclusory statements that are devoid of the requisite specificity to establish a plausible equal protection clause claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice). Plaintiff does not plead sufficient facts about the circumstances of any of those he alleges were "similarly situated," nor does Plaintiff allege, with any specificity, how he was intentionally discriminated against, compared to others who were similarly situated.

As such, the Court will reject the Magistrate Judge's Report and Recommendation as to the Equal Protection Clause claims against MRTSA, at Count III. MRTSA's Motion to Dismiss, as to these claims, will be granted. As the Court cannot say that amendment would be futile, Plaintiff will be granted leave to amend this claim.

### III. Conclusion

For the reasons above, the Court rejects in part and adopts in part the Report and Recommendation to deny Defendants' Motions to Dismiss. Accordingly, the following Order is hereby entered.

**ORDER**

AND NOW, this 21st day of January 2024, for the reasons set forth in the accompanying Opinion, it is hereby ORDERED as follows:

(1) MRTSA's Motion to Dismiss Plaintiff's Rehabilitation Act and ADA claims, at Counts I and II, is denied. (ECF No. 16).

(2) MRTSA's Motion to Dismiss Plaintiff's Equal Protection Clause claims, at Count III, is granted. (*Id.*). Count III is dismissed. Plaintiff is granted leave to amend these claims.

(3) St. Clair's Motion to Dismiss Plaintiff's Rehabilitation Act and ADA claims, at Counts IV and V, is granted. (ECF No. 14). Counts IV and V are dismissed. Plaintiff is granted leave to amend these claims.

Plaintiff has until February 4, 2025 to file an amended complaint. If Plaintiff does not file an amended complaint by said date, then the remaining Defendant, MRTSA, shall file an answer to Counts I and II by February 18, 2025.

                                               s/*Marilyn J. Horan*
                                               Marilyn J. Horan
                                               United States District Court Judge