**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

**PITTSBURGH**

| | | |
|---|---|---|
| A. H., MINOR PLAINTIFF; MATTHEW H., AS PARENTS AND LEGAL GUARDIANS OF THE MINOR PLAINTIFF; AND LORI H., AS PARENTS AND LEGAL GUARDIANS OF THE MINOR PLAINTIFF; | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | 2:23-CV-02176-MJH |
|         Plaintiffs, | | |

    vs.

MEDICAL RESCUE TEAM SOUTH
AUTHORITY, JOHN DOE, JANE DOE,
ST. CLAIR MEMORIAL HOSPITAL,

       Defendants,

**<u>OPINION AND ORDER</u>**

This case was referred to the United States Magistrate Judge Christopher B. Brown for

pretrial proceedings in accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(A) and

(B), and Rule 72 of the Local Rules for Magistrate Judges. Plaintiff, A.H., a minor, initiated this

civil action through his parents and legal guardians, Matthew H. and Lori H., wherein he alleges

that Defendants Medical Rescue Team South Authority ("MRTSA"), John Doe and Jane Doe

("Doe Defendants," collectively and with MRTSA, "MRTSA"), and St. Clair Memorial Hospital

("St. Clair") violated his civil rights and discriminated against him because of his disability. Both

MRTSA and St. Clair filed Motions to Dismiss. (ECF Nos. 14 & 16). On November 1, 2024, the

Magistrate Judge issued a Report and Recommendation, (ECF No. 26), recommending denial of

both motions in full. This Court adopted in part and rejected in part Magistrate Judge Brown's

Report and Recommendation and allowed Plaintiff the opportunity to submit an amended complaint. (ECF No. 29). On February 4, 2025, Plaintiff filed an amended complaint. (ECF No. 30). On September 14, 2025, Defendant MRTSA submitted their Answer. (ECF No. 31). On February 18, 2025, Defendant St. Clair filed a Motion to Dismiss and accompanying brief. (ECF Nos. 32-33). On August 6, 2025, Magistrate Judge Brown filed a Report and Recommendation, discussing St. Clair's Motion to Dismiss and recommending that this Court grant in part and deny in part St. Clair's Motion to Dismiss. (ECF No. 42). On August 20, 2025, St. Clair filed its objections to the Report and Recommendation. (ECF No. 43). The Plaintiff did not file any Response to St. Clair's objections. For the reasons below, and after *de novo* review, the Court will adopt the Report and Recommendation in part and overrule it in part.[1]

## I.    Statement of Facts

In the Amended Complaint, Plaintiff, A.H., claims St. Clair violated his rights under the Rehabilitation Act and the ADA, when it failed to provide him with accommodations and services to manage his autism and other disabilities while he was a patient in St. Clair's Emergency Department for eight days awaiting transfer to another facility. (ECF No. 30 at Counts IV-V). Plaintiff also alleges St. Clair did not provide him with mental health treatment for his crisis. (*Id.* ¶ 64). A.H. is a minor child diagnosed with autism, attention-deficit hyperactivity disorder, post-traumatic stress disorder, and reactive attachment disorder (collectively referred to as "mental health disabilities"). (*Id.* ¶ 11). He receives therapy, because his diagnoses substantially limit one or more major life activities. (*Id.* ¶¶ 11-12). On January 5, 2023, Plaintiff experienced a mental health crisis and attempted to harm his mother and two

---

[1] Rule 72 of the Federal Rules of Civil Procedure provides in pertinent part: "The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed.R.Civ.P. 72(b)(3).

therapists during a therapy session. (*Id.* ¶ 13-14). One of Plaintiff's therapists called an ambulance. (*Id.* ¶ 15). MRSTA, an ambulance company, transported Plaintiff to St. Clair's Emergency Department. (*Id.* ¶ 19). Notably, Plaintiff's mother had requested he be transported to Western Psychiatric Institute and Clinic ("Western Psych"), which treats pediatric patients, for a psychiatric evaluation. (*Id.* ¶ 17). St. Clair is not equipped to handle children with pediatric psychiatric issues. (*Id.* ¶ 20).

In total, Plaintiff spent eight days in St. Clair's Emergency Department. (*Id.* ¶ 35). Plaintiff has certain challenges because of his mental health disabilities, which he claims required accommodations while Plaintiff was in the Emergency Department. He further alleges that "due to his mental health disabilities" he requires plastic or paper utensils, specific engagement and mental stimulation, a "sitter" to provide companionship because of Plaintiff's attachment issues, a strict meal and medication distribution schedule, pediatric psychiatric care, and restriction from contact with any watches. (*Id.* ¶¶ 39-46, 51, 53, 57-58, 64-70). Plaintiff also alleges that, solely based upon his disabilities, St. Clair did not provide him with routine services and accommodations that would have made his stay tolerable and equal to the Emergency Room experience that other members of the general public receive. (*Id.* at ¶ 118). The routine services and accommodations alleged include providing or arranging for transport to another medical facility equipped to treat pediatric psychiatric patients, a hospital bed, a properly-sized hospital gown, and a shower or bath. (*Id.* ¶¶ 34-38, 60-63).

Plaintiff alleges that St. Clair denied him, "as a patient, the full enjoyment of the benefits, services, privileges, advantages, and accommodations which they offer to members of the general public solely based on his disabilities." (*Id.* at ¶ 118). He also alleges this caused him and his family extreme distress. (*Id.* at ¶¶ 49, 50, 56-57, 66-67).

3

## II.    Discussion

St. Clair moves to dismiss Plaintiff's Rehabilitation Act and ADA claims, Counts IV and V of the Amended Complaint. Magistrate Judge Brown recommends that this Court dismiss Plaintiff's claims for discrimination related to pediatric psychiatric care. (ECF No. 42, at 2). As to Plaintiff's claims for discrimination related to accommodations and services, Magistrate Judge Brown recommends that this Court deny St. Clair's Motion to Dismiss. (*Id.* at 2). St. Clair objects to Magistrate Judge Brown's recommendation, as it relates to the alleged discrimination based upon Plaintiff's requested accommodations and services. Specifically, St. Clair argues that Plaintiff fails to plead sufficient facts to show that he was discriminated against because of his disabilities. (ECF No. 43, at 7).

To state a claim under Section 504 of the Rehabilitation Act, plaintiffs must allege: (1) that they are disabled within the meaning of the Act; (2) that they are otherwise qualified for the services sought; (3) that they were excluded from the services sought solely by reason of their handicap; and (4) that the program or activity in question receives federal financial assistance. *Strathie v. Dep't of Transp.*, 716 F.2d 227, 230 (3d Cir. 1983); *Furgess*, 933 F.3d at 288-89.

To state a claim under Title II of the ADA, a plaintiff must show that: (1) they are a qualified individual; (2) with a disability; and (3) they were excluded from participation in or denied the benefits of the services, programs, or activities of a public entity, or were subjected to discrimination by any such entity; (4) by reason of their disability. *Durham v. Kelley*, 82 F. 4th 217, 225 (3d Cir. 2023).

The Rehabilitation Act and the ADA prescribe different causation standards. The Rehabilitation Act requires the plaintiff to plead that the discrimination occurred "solely by

reason of [the plaintiff's] disability," while the ADA requires that the discrimination be "by reason of such disability." 29 U.S.C. § 794(a); 42 U.S.C. § 12132. In other words, the Rehabilitation Act only "allows a plaintiff to recover if he or she were deprived of an opportunity to participate in a program solely on the basis of disability, while the ADA covers discrimination on the basis of disability, even if there is another cause as well." *C.G. v. Pennsylvania Dep't of Educ.*, 734 F.3d 229, 235–36 (3d Cir. 2013).

The Rehabilitation Act prohibits discrimination in "program[s] or activit[ies]," while the ADA prohibits discrimination in "goods, services, facilities, privileges, advantages, or accommodations." 29 U.S.C.A. § 794; 42 U.S.C. § 12182. Under the ADA, to facilitate access to such services, public accommodations, like hospitals, must provide "auxiliary aids and services." *Shaika v. Gnaden Huetten Mem'l Hosp.*, 2015 WL 4092390, at *4 (M.D. Pa. 2015) (*quoting Spector v. Norwegian Cruise Line Ltd.*, 545 U.S. 119, 128 (2005)). Under the Rehabilitation Act and the ADA, a public accommodation, like a hospital, must provide "reasonable accommodations" or make "reasonable modifications" to existing practices to accommodate individuals with disabilities. *Berardelli v. Allied Servs. Inst. of Rehab. Med.*, 900 F.3d 104, 118 (3d Cir. 2018).

### A. Discrimination Claims Based Upon Pediatric Psychiatric Care

Plaintiff alleges that St. Clair discriminated against him when it did not provide Plaintiff with pediatric psychiatric care. The Magistrate Judge recommends that the Court dismiss Plaintiff's Rehabilitation Act and ADA claims that are based upon St. Clair's inability to provide pediatric psychiatric care, because St. Clair does not provide any pediatric psychiatric care services. A hospital cannot be liable under the ADA or Rehabilitation Act for services that it does not provide. (ECF No. 42, at 10). This Court agrees with the Recommendation. However, most of

Plaintiff's claims within his Amended Complaint are based upon St. Clair's alleged failure to provide accommodations and services because of Plaintiff's pediatric psychiatric mental health crisis. For each of the claims set forth in paragraphs 39-59 and 64-70, the accommodation or service that Plaintiff complains about was related to pediatric psychiatric mental health treatment and behavior management. These services clearly fall within the ambit of pediatric psychiatric treatment, which St. Clair does not provide. (ECF No. 33, at 7). As discussed by Magistrate Judge Brown, "a hospital cannot be liable under the ADA or Rehabilitation Act for services it does not provide." (ECF No. 42, at 10). Therefore, those claims, that are premised upon St. Clair's failure to provide adequate accommodations or services for Plaintiff's pediatric psychiatric mental health issues, including autism and other mental disabilities while at St. Clair's Emergency Department, are properly dismissed. As such, St. Clair's Motion to Dismiss will be granted as to said claims. Accordingly, paragraphs 39-59 and 64-70 of the Amended Complaint will be stricken.

### B. Discrimination Claims Based Upon Requested Accommodations and Services

Plaintiff alleges that St. Clair could have provided him with certain requested accommodations and services for his autism, but it failed to do so. Those services, which are not alleged to be related to pediatric psychiatric mental health services include: (1) providing and/or arranging transportation services to other medical facilities that can provide Plaintiff with proper treatment, (*Id.* ¶¶ 32-34); (2) providing Plaintiff with a hospital bed when one was available, (*Id.* ¶ 37); (3) providing Plaintiff with a hospital gown that fit him, (*Id.* ¶ 38); and (4) providing Plaintiff with a shower in a reasonable time after he arrived at the hospital. (*Id.* ¶¶ 60-63). As regards routine services and accommodations within the St. Clair Emergency Department that other patients are provided, but that Plaintiff was denied an accommodation, Plaintiff alleges

6

these accommodations and services were denied to him solely because of his disabilities or based upon his disabilities in violation of the ADA and the Rehabilitation Act.

Magistrate Judge Brown recommends that the Court deny St. Clair's Motion to Dismiss the alleged ADA and Rehabilitation Act discrimination claims concerning these routine services and accommodations, finding that, at this stage, Plaintiff has alleged sufficient facts to plead that St. Clair discriminated against him solely because of his disability and/or based upon his disabilities. St. Clair objects to Magistrate Judge Brown's Report and Recommendation as to these claims, arguing that the alleged accommodations and services that it allegedly failed to provide to Plaintiff constituted medical treatment, such that, Plaintiff is challenging the adequacy of medical treatment. (ECF No. 43, at 9-10). St. Clair further argues that Plaintiff's allegations, concerning these claims, are conclusory and not sufficient to support the claims. (*Id.* at 7-8).

Magistrate Judge Brown provides an extensive discussion within his Report and Recommendation, concluding that, at this stage of the case, these alleged accommodations and services requested by Plaintiff may or may not be considered medical treatment. *See* (ECF No. 42, at 12-16). Plaintiff's allegations as to these routine services do not challenge pediatric psychiatric mental health evaluation or treatment issues. (*Id.*).  Plaintiff alleges that he requested these routine accommodations and services, and they were not provided to him. St. Clair objects to the Recommendation, concerning these alleged accommodations and services, and argues that such constitute medical treatment. After the Court's independent review, and upon review of Magistrate Judge Brown's Report and Recommendation and St. Clair's objections, this Court observes and agrees that Plaintiff has pleaded claims for these accommodations and services in a rather conclusory fashion. However, at this stage, applying the necessary standard of review for a Motion to Dismiss, Plaintiff has set forth sufficient allegations to permit claims for

discrimination under the Rehabilitation Act and ADA, but only for the requested accommodations and services alleged in paragraphs 32-38 and 60-63 of the Amended Complaint, in order to allow for discovery.

As regards the elements of causation under the Rehabilitation Act and ADA, Plaintiff must allege that St. Clair failed to provide him with the accommodations and services he requested because of these disabilities. Plaintiff's Amended Complaint contains various allegations, claiming that denial of his requested accommodations and services was because of his disabilities. Plaintiff alleges that other patients, who do not have his disabilities, were provided with such accommodations or services. Magistrate Judge Brown's Report and Recommendation concludes that Plaintiff has pled sufficient facts, at this stage, to allege that his requested accommodations and services were denied solely and/or because of his disabilities. (ECF No. 42, at 17-20). St. Clair objects, arguing that Plaintiff's allegations, connecting these requested accommodations and services to his disabilities, are conclusory. (ECF No. 43, at 8). Again, this Court observes and agrees that Plaintiff has pleaded the causation element related to these remaining claims for accommodations and services in a rather conclusory fashion. However, at this stage, applying the necessary standard of review for a Motion to Dismiss, Plaintiff has set forth sufficient allegations to permit claims for discrimination under the Rehabilitation Act and ADA for these requested accommodations and services alleged in paragraphs 32-38 and 60-63 of the Amended Complaint in order to allow for discovery.

Accordingly, St. Clair's Motion to Dismiss Plaintiff's Rehabilitation Act and ADA claims, concerning Plaintiff's requested routine accommodations and services, alleged at paragraphs 32-38 and 60-63 of the Amended Complaint, will be denied.

### C. Compensatory Damages

Plaintiff seeks compensatory damages under the Rehabilitation Act against St. Clair. (ECF No. 30, at Count IV). Magistrate Judge Brown recommends that this Court deny St. Clair's Motion to Dismiss related to compensatory damages, because Plaintiff has pled sufficient facts, at this stage, to establish intentional discrimination and deliberate indifference. (ECF No. 42, at 22). St. Clair objects to the Magistrate Judge's recommendation, arguing that Plaintiff fails to plead sufficient facts to show he was intentionally discriminated against. (ECF No. 43, at 15).

To support a claim for compensatory damages, a Plaintiff must allege intentional discrimination. *S.H. ex rel. Durrell v. Lower Merion Sch. Dist.*, 729 F.3d 248, 261 (3d Cir. 2013). A plaintiff shows intentional discrimination by alleging the defendant acted with deliberate indifference, including the defendant (1) had knowledge "that a federally protected right [was] substantially likely to be violated" and (2) "fail[ed] to act despite that knowledge." *D.E. v. Cent. Dauphin Sch. Dist.*, 765 F.3d 260, 269 (3d Cir. 2014). To set forth a claim for deliberate indifference, a Plaintiff must allege "a deliberate choice, rather than negligence or bureaucratic inaction." *Id.* Deliberate indifference also requires "actual knowledge;" "allegations that one would have or 'should have known' will not satisfy the knowledge prong of deliberate indifference." *K.K. ex rel. L.K. v. Pittsburgh Pub. Sch.*, 590 F. App'x 148, 153 (3d Cir. 2014). A plaintiff, however, does not have to show "personal ill will or animosity toward the disabled person." *D.E.*, 765 at 269.

Plaintiff alleges that he is diagnosed with autism, ADHD, PTSD, and reactive attachment disorder. (ECF No. 30, at ¶¶ 11-14). Plaintiff alleges that he had to wait eight days to be transferred to a facility that provided pediatric psychiatric care when St. Clair could have transferred him earlier. (*Id.* ¶¶ 71-75). Plaintiff also alleges that he requested a hospital bed, a hospital gown that fit him, and a shower. (*Id.* ¶¶ 37, 38, 60-63). There are no factual allegations

within the Amended Complaint as to these requests for accommodations and services that provides any sufficient basis to establish the element of intentional discrimination to support a claim for compensatory damages as to these services. The only allegation within the Amended Complaint in relation to St. Clair and the elements of willful, intentional, or deliberate indifference occurs at paragraph 78, and said paragraph is completely conclusory; and thus, such is insufficient to sustain a claim for compensatory damages.[2] Accordingly, this Court finds that St. Clair's Motion to Dismiss Plaintiff's claim for compensatory damages under the Rehabilitation Act will be granted, and Plaintiff's claim for compensatory damages under the Rehabilitation Act will be dismissed.

### D. Injunctive Relief under the ADA and Rehabilitation Act

Plaintiff also seeks injunctive relief under the Rehabilitation Act and the ADA. (ECF No. 30, at Counts IV-V). Magistrate Judge Brown concluded in his Report and Recommendation that, at this stage, Plaintiff has sufficiently alleged facts for injunctive relief. (ECF No. 42, at 22-25). St. Clair objects, arguing that Plaintiff has not alleged facts to establish proper standing for an injunction. (ECF No. 43, at 12-15).

To receive injunctive relief, a plaintiff must establish standing by showing they are "likely to suffer future injury from the defendant's illegal conduct." *Doe v. Nat'l Bd. of Med. Exam'rs*, 210 F. App'x 157, 159-60 (3d Cir. 2006) (*citing Roe v. Operation Rescue*, 919 F.2d 857, 864 (3d Cir. 1990)). A plaintiff "must demonstrate a real and immediate threat of injury in order to satisfy the injury in fact requirement," because courts "look beyond the alleged past violation and consider

---

[2] In paragraph 70 of the Amended Complaint, Plaintiff alleges that St. Clair "deliberately" failed to not give Plaintiff a watch. However, this requested service or accommodation, as discussed above, was stricken. Further, even if the Court had not stricken this paragraph, such allegation would also be insufficient to support deliberate indifference.

the possibility of future violations." *Anderson v. Macy's, Inc.*, 943 F. Supp. 2d 531, 538 (W.D. Pa. 2013); *See also O'Shea v. Littleton*, 414 U.S. 488, 495–96 (1974) ("Past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief, however, if unaccompanied by any continuing, present adverse effects").

A plaintiff's intent to return is "self-evidently relevant to the likelihood of future injury." *Mullen v. DSW Inns, LLC*, 2024 WL 1095718, at *3 (W.D. Pa. Mar. 13, 2024) (*citing Brown v. Mt. Fuji Japanese Rest.*, 615 F. App'x 757, 757–58 (3d Cir. 2015)). Courts look at four factors to determine a plaintiff's likelihood of returning and therefore likelihood of a future injury: "(1) the plaintiff's proximity to the defendant's place of public accommodation; (2) the plaintiff's past patronage; (3) the definitiveness of the plaintiff's plan to return; and (4) the plaintiff's frequency of nearby travel." *Anderson*, 943 F. Supp. 2d at 539 (*citing Harty v. Burlington Coat Factory of Pa., LLC*, 2011 WL 2415169, at *4 (E.D. Pa. June 16, 2011)). "This is a factor test—no one factor is dispositive, and all factors need not be present." *Mullen v. Ashirward Hosp.*, LLC, WL 936322, at *3 (W.D. Pa. 2024).

Upon review of Magistrate Judge Brown's Report and Recommendation, Plaintiff's objections, and following this Court's own review of the filings of record, the Court concludes that, given that the overwhelming majority of Plaintiff's claims concern services and accommodations relate to Plaintiff's pediatric psychiatric mental disabilities and mental care that he alleges he sought but did not receive, and that such pediatric psychiatric medical care claims are not viable under the Rehabilitation Act and ADA, there is no standing for any injunctive relief as to these claims. As for the routine accommodations and services, while such may be determined to be actionable under the Rehabilitation Act or ADA, the Plaintiff has not pled sufficient facts to establish standing to support any injunctive relief as to these claims.

11

As regards factor one, Plaintiff's proximity to St. Clair's place of public accommodation, Plaintiff's allegations as to his proximity to St. Clair are vague; however, the Court accepts Plaintiff's allegation of close proximity. *See* (ECF No. 30, at ¶ 79). As regards factor two, Plaintiff's past patronage, Plaintiff went to St. Clair's Emergency Department seeking treatment or help for his pediatric psychiatric mental health crisis. This past patronage to St. Clair's Emergency Department was to obtain services for pediatric psychiatric medical services, which St. Clair does not provide. There are no other allegations within the Amended Complaint of any other past services sought by Plaintiff at St. Clair. As to factor three, the definitiveness of Plaintiff's plan to return, the only allegations concerning Plaintiff's likelihood to return are quite vague. *See* (ECF No. 30 ¶ 79). Notably, Plaintiff does not allege that he plans to return to St. Clair for pediatric psychiatric evaluation or treatment. This is underscored by the fact that it is undisputed that St. Clair does not provide pediatric psychiatric services, and that Plaintiff's parents requested MRTSA to transport him to Western Psych in the first place. Further, from the beginning of Plaintiff's arrival at St. Clair, Plaintiff's parents continuously attempted to get Plaintiff transferred to a facility that could treat Plaintiff's pediatric psychiatric needs. It is highly unlikely that, if Plaintiff experiences a future pediatric psychiatric mental health crisis, his parents will bring him or have him transported to St. Clair. As such, this Court concludes that Plaintiff has not sufficiently pleaded facts to establish standing for any claim for injunctive relief. St. Clair's Motion to Dismiss Plaintiff's claim for injunctive relief, will be granted.

### III.    Conclusion

For the reasons above, the Court will adopt Magistrate Judge Brown's Report and Recommendation in part and reject it in part. Accordingly, the following Order is hereby entered.

## **ORDER**

AND NOW, this 29th day of September 2025, for the reasons set forth in the accompanying opinion, it is hereby ordered as follows:

St. Clair's Motion to Dismiss is granted in part and denied in part. St. Clair's Motion to Dismiss Plaintiff's Amended Complaint, as to the Rehabilitation Act and ADA discrimination claims related to pediatric psychiatric care at Counts IV and V, is granted. Said claims are dismissed. Paragraphs 39-59 and 64-70 are stricken from the Amended Complaint. St. Clair's Motion to Dismiss Plaintiff's Rehabilitation Act and ADA claims, related to Plaintiff's requested accommodations and services as identified in paragraphs 34-38 and 60-63 of the Amended Complaint, is denied. St. Clair's Motion to Dismiss Plaintiff's request for compensatory damages and injunctive relief, is granted. Accordingly, Plaintiff's claims for compensatory damages and injunctive relief are dismissed. Plaintiff's Rehabilitation and ADA claims for declaratory relief, as relates to Plaintiff's request for transportation to another facility, providing him a hospital bed and properly fitting gown, and access to a shower, at Counts VI and V, are the only claims that remain. Plaintiff is granted leave to amend.

Plaintiff may file an amended complaint on or before October 14, 2025. If no amended complaint is filed, St. Clair must file its answer on or before October 28, 2025.

\_\_s/*Marilyn J. Horan*_____
Marilyn J. Horan
United States District Court Judge