**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

**PITTSBURGH**

A. H., MINOR PLAINTIFF; MATTHEW H.,   )
AS PARENTS AND LEGAL GUARDIANS   )
OF THE MINOR PLAINTIFF; AND LORI   )      2:23-CV-02176-MJH
H., AS PARENTS AND LEGAL   )
GUARDIANS OF THE MINOR   )
PLAINTIFF;   )
   )
   )
       Plaintiffs,   )

      vs.

MEDICAL RESCUE TEAM SOUTH
AUTHORITY, JOHN DOE, JANE DOE,
ST.0 CLAIR MEMORIAL HOSPITAL,

      Defendants,

**MEMORANDUM ORDER**

This case was referred to the United States Magistrate Judge Christopher B. Brown for pretrial proceedings in accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(A) and (B), and Rule 72 of the Local Rules for Magistrate Judges. To date, this Court has reviewed two previous complaints, two rounds of Motions to Dismiss, and two Report and Recommendations. On October 10, 2025, Plaintiff filed a Second Amended Complaint, alleging Defendants violated his rights under the Rehabilitation Act, 29 U.S.C. § 794, *et seq.*, and the Americans with Disabilities Act, 42 U.S.C. § 12131, *et seq.* (ECF No. 47). On October 23, 2025, Defendant, St. Clair Memorial Hospital ("St. Clair") filed a Motion to Dismiss Plaintiff's Second Amended Complaint and accompanying brief. (ECF No. 49). On November 17, 2025, Plaintiff filed his Brief in Opposition to St. Clair's Motion to Dismiss Plaintiff's Second Amended Complaint.

1

(ECF No. 55). On May 12, 2026, Magistrate Judge Brown filed a Report and Recommendation, wherein he recommended that this Court grant in part and deny in part St. Clair's Motion to Dismiss the Second Amended Complaint. (ECF No. 56). Specifically, Magistrate Judge Brown recommended that this Court grant St. Clair's Motion to Dismiss in all respects, except as to Plaintiff's Rehabilitation and ADA claims for declaratory relief, as they relate to Plaintiff's request for transportation to another facility, and for providing him a hospital bed, properly fitting gown, and access to a shower, consistent with this Court's September 29, 2025 Opinion and Order. (ECF No. 44). On May 26, 2026, Plaintiff filed his objections to Magistrate Judge Brown's Report and Recommendation. (ECF No. 57). On June 5, 2026, St. Clair filed their response to Plaintiff's objections. (ECF No. 58).

The filing of timely objections requires the district judge to "make a de novo determination of those portions of the report . . . to which objection is made."   28 U.S.C. § 636(b)(1); *Sample v. Diecks*, 885 F.2d 1099, 1106 n. 3 (3d Cir. 1989); Fed. R. Civ. P. 72(b)(3). Following a *de novo* review of the relevant pleadings and documents in this case, together with the Report and Recommendation, and Objections thereto, the Court finds that Plaintiff's objections do not undermine the recommendation of Magistrate Judge Brown.

Plaintiff's objections consist primarily of presenting the same arguments that he already presented to, and which were considered by, Magistrate Judge Brown. In response to said arguments, the Court does not find any error in Magistrate Judge Brown's reasoning or his application of the law to the facts, most of which apply this Court's own reasoning contained within its September 29, 2025 Opinion and Order.

2

Thus, for the reasons stated in the Report and Recommendation, the Court will adopt the Magistrate Judge's recommendation. After *de novo* review of the pleadings, together with the Report and Recommendation, the following Order is entered:

AND NOW this 30th day of July, 2026, it is ORDERED that the Report and Recommendation, (ECF No. 57), filed on May 12, 2026, is adopted as the Opinion of the Court.

Defendant St. Clair's Motion to Dismiss the Second Amended Complaint is GRANTED in part and DENIED in part. (ECF No. 49). St. Clair's Motion to Dismiss Plaintiff's Rehabilitation Act and ADA claims related to pediatric psychiatric care, at Counts IV and V of the Second Amended Complaint, is GRANTED. Said claims are DISMISSD. St. Clair's Motion to Dismiss Plaintiff's request for compensatory damages and injunctive relief is GRANTED. St. Clair's Motion to Dismiss Plaintiff's ADA and Rehabilitation Act claims, at Counts IV and V of the Second Amended Complaint, regarding his request for routine accommodations and services is DENIED. Specifically, Plaintiff's Rehabilitation and ADA claims for declaratory relief, as relates to Plaintiff's request for transportation to another facility, providing him a hospital bed and properly fitting gown, and access to a shower, at Counts IV and V, are the only claims that remain. St. Clair has until on or before August 13, 2026 to file an answer to the Second Amended Complaint.

BY THE COURT:

Marilyn J. Horan
United States District Judge

3